IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HUNTER KILLER PRODUCTIONS, INC., | ) ) ) | Civil No. 19-00327 JAO-KJM |
| | ) | ORDER TO SHOW CAUSE |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| GERARD GALIOS, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER TO SHOW CAUSE

On June 25, 2019, Plaintiff Hunter Killer Productions, Inc. ("Plaintiff") filed its original Complaint against Defendants Gerard Galios ("Defendant Galios"), John Quiroz, and John Doe ("Defendant Doe"). ECF No. 1. On July 19, 2019, Plaintiff served Defendant Galios with the Complaint and summons. *See* ECF No. 13. On August 13, 2019, Plaintiff submitted a request for the Clerk to enter default against Defendant Galios for his failure to timely respond to the Complaint, which the Clerk granted on August 14, 2019. *See* ECF Nos. 14-15.

On July 31, 2019, Plaintiff filed an Ex Parte Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference ("Ex Parte Motion"). ECF No. 11. The Ex Parte Motion sought an order from the Court allowing Plaintiff to conduct early discovery to identify Defendant Doe. On August 23, 2019, this Court issued an entering order denying the Ex Parte Motion based on Plaintiff's

own indication that Plaintiff had already obtained Defendant's Doe's real name, John McCullough.  *See* ECF No. 18.  On August 26, 2019, Plaintiff, along with HB Productions, Inc. and TBV Productions, LLC as additional plaintiffs, filed a First Amended Complaint against Defendant Galios and John McCullough.  ECF No. 19.

Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course within:  (A) 21 days of serving it; or (B) . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. . . ."  Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit Court of Appeals has previously held that "Rule 15 is organized substantively, not chronologically."  *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015).  "That is, it does not mandate that the matter of course amendment under 15(a)(1) be exhausted before an amendment may be made under 15(a)(2), nor does it state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made."  *Id.*

Here, it appears that Plaintiff did not comply with Rule 15(a)(1) or (2) in filing the First Amended Complaint.  First, Plaintiff filed the First Amended Complaint on August 26, 2019, more than 21 days after serving it on Defendant

Galios.  Thus, Plaintiff did not file the First Amended Complaint in accordance with Rule 15(a)(1)(A).  In addition, Rule 15(a)(1)(B) is inapplicable, as Defendant Galios did not respond to the Complaint and the Clerk granted Plaintiff's request for entry of default against Defendant Galios.

Second, Plaintiff neither sought nor obtained from the Court leave to file an amended complaint.  In addition, nothing in the record reflects that Plaintiff obtained Defendant Galios' written consent to file the First Amended Complaint.  Thus, it appears Plaintiff did not file the First Amended Complaint in accordance with Rule 15(a)(2).

Based on the foregoing, it appears that Plaintiff improperly filed the First Amended Complaint.  Accordingly, Plaintiffs are hereby ORDERED TO SHOW CAUSE in writing by **September 3, 2019** why the Court should not strike Plaintiff's First Amended Complaint (ECF No. 19).

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, August 30, 2019.

Kenneth J. Mansfield
United States Magistrate Judge

*Hunter Killer Prods., Inc., et al. v. Galios, et al.*; Civil No. 19-00327 JAO-KJM; Order to Show Cause

3