IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HUNTER KILLER PRODUCTIONS, INC.; HB PRODUCTIONS, INC.; and TBV PRODUCTIONS, LLC, | ) ) ) ) ) | Civil No. 19-00327 JAO-KJM<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR |
| Plaintiffs, | ) ) | DEFAULT JUDGMENT AGAINST DEFENDANT GERARD GALIOS |
| vs. | ) ) | |
| GERARD GALIOS; and JOHN MCCULLOUGH, | ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION
FOR DEFAULT JUDGMENT AGAINST DEFENDANT GERARD GALIOS

On October 22, 2019, Plaintiffs Hunter Killer Productions, Inc. HB

Productions, Inc., and TBV Productions, LLC (collectively, "Plaintiffs") filed a

Motion for Default Judgment Against Defendant Gerard Galios ("Motion").  ECF

No. 34.  Defendant Gerard Galios ("Defendant Galios") did not oppose or

otherwise respond to the Motion.

The Court elected to decide the Motion without a hearing pursuant to Rule

7.1(c) of the Local Rules of Practice for the United States District Court for the

District of Hawaii.  After carefully considering the Motion, the applicable law, and

the record in the case, the Court FINDS AND RECOMMENDS that the district

court GRANT the Motion for the reasons set forth below.

BACKGROUND

On June 25, 2019, Plaintiff Hunter Killer Productions, Inc. ("Plaintiff Hunter

Killer") filed a Complaint against Defendants Galios, John Quiroz, and John Doe,

alleging violations for copyright infringement and contributory copyright

infringement pursuant to 17 U.S.C. § 101, *et seq.* ("Copyright Act").  ECF No. 1 at

¶¶ 1-2.  On August 30, 2019, Plaintiffs filed a First Amended Complaint against

Defendants Galios and John McCullough, alleging violations for copyright

infringement and contributory copyright infringement pursuant to the Copyright

Act.[1]  *See* ECF No. 19 at ¶¶ 1-2.  The First Amended Complaint alleges that

Defendant Galios used BitTorrent, a peer-to-peer file sharing protocol to

download, duplicate and distribute the motion pictures, "Hunter Killer," "Hellboy,"

---

[1]  Plaintiffs initially filed their First Amended Complaint on August 26, 2019, without seeking leave of court.  The Court subsequently issued an Order to Show Cause on August 30, 2019, ordering Plaintiffs to address this issue.  *See* ECF No. 26.  Upon review of the Plaintiffs' response to the Order to Show Cause, the Court allowed the First Amended Complaint and deemed it filed as of August 30, 2019. ECF No. 28.

and "I Feel Pretty" (collectively, the "Works"), the registered copyrights of which are owned by Plaintiffs.[2]  ECF No. 19 at ¶¶ 6-16, 20-26.

Plaintiffs served the First Amended Complaint on Defendant Galios on September 17, 2019.  ECF No. 31.  Defendant Galios did not answer or otherwise respond to the First Amended Complaint.  On October 15, 2019, the Clerk of Court entered default against Defendant Galios.  *See* ECF No. 33.  Plaintiffs filed the instant Motion on October 22, 2019.

## DISCUSSION

I.      Legal Standard

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(a), (b).  The granting or denial of a motion for default judgment is within the discretion of the court.  *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 511-12 (9th Cir. 1986).  Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right.  *In re Villegas*, 132 B.R. 742, 746 (B.A.P. 9th Cir. 1991).  Default judgments are ordinarily disfavored, and cases should be decided

---

[2]  Plaintiff Hunter Killer owns the copyright for the movie, "Hunter Killer"; Plaintiff HB Productions, Inc. owns the copyright for the movie, "Hellboy"; and Plaintiff TBV Productions, LLC owns the copyright for the movie, "I Feel Pretty." *See* ECF No. 19 at ¶¶ 7, 10, 14.

on their merits if reasonably possible.  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th

Cir. 1986).  Courts may consider the following factors in deciding whether to grant

a motion for default judgement (collectively, "*Eitel* factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of the
> plaintiff's substantive claim, (3) the sufficiency of the complaint, (4)
> the sum of money at stake in the action[,] (5) the possibility of a
> dispute concerning material facts[,] (6) whether the default was due to
> excusable neglect, and (7) the strong policy underlying the Federal
> Rules of Civil Procedure favoring decisions on the merits.

*Id*. at 1471-72 (citation omitted).

On default, "the factual allegations of the complaint, except those relating to

the amount of damages, will be taken as true."  *TeleVideo Sys., Inc. v. Heidenthal*,

826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*, 559

F.2d 557, 560 (9th Cir. 1977)).  The allegations in the complaint regarding liability

are deemed true, but the plaintiff must establish the relief to which it is entitled.

*Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  In addition,

"necessary facts not contained in the pleadings, and the claims which are legally

insufficient, are not established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980

F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388

(9th Cir. 1978)).

II.    Jurisdiction

Before considering the merits of default judgment, the Court has an

affirmative obligation to determine whether it has subject matter jurisdiction over

4

this action and personal jurisdiction over Defendant Galios. *See In re Tuli*, 172

F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later

be successfully attacked as void, a court should determine whether it has the

power, i.e., the jurisdiction, to enter the judgment in the first place.").

The Court finds it has subject matter jurisdiction over the claims in

Plaintiffs' First Amended Complaint pursuant to 28 U.S.C. §§ 1331, 1338, and the

Copyright Act.  The Court also finds it has personal jurisdiction over Defendant

Galios based on Plaintiffs' allegation that Defendant Galios is a resident of the

State of Hawaii and the fact that Plaintiffs served Defendant Galios at his residence

in Hawaii.  *See* ECF No. 19 at ¶¶ 4, 18; ECF No. 31.

III.    *Eitel* Factors

Given its determination that jurisdiction is proper, the Court must consider

whether default judgment is appropriate under the *Eitel* factors.

A.      The Possibility of Prejudice to Plaintiffs

The first factor considers whether Plaintiffs would suffer prejudice if default

judgment is not entered.  *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d

1172, 1177 (C.D. Cal. 2002).  Plaintiffs do not have any other recourse than default

judgment to obtain relief.  Accordingly, the first *Eitel* factor favors default

judgment.

B.      Merits of Plaintiffs' Substantive Claims

Under the second *Eitel* factor, the Court considers the merits of Plaintiffs'

substantive claims.  As noted above, the allegations in the complaint are taken as

true for purposes of determining liability.  *See TeleVideo Sys., Inc.* at 917-18; *Fair*

*Hous. of Marin*, 285 F.3d at 906.  Here, the allegations in Plaintiffs' First Amended

Complaint, taken as true, establish that Plaintiffs are entitled to default judgment

against Defendant Galios on all claims.

Plaintiffs have made a prima facie showing of copyright infringement and

contributory copyright infringement.  A plaintiff asserting copyright infringement

must prove two elements: "(1) ownership of the copyright; and (2) infringement-

that the defendant copied protected elements of the plaintiff's work."  *Three Boys*

*Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000).  Regarding Plaintiffs'

claim for copyright infringement, Plaintiffs allege: (1) they own and have

registered the copyrighted works at issue (i.e., the Works); (2) Defendant Galios

reproduced and distributed the Works without Plaintiffs' authorization; and

(3) Plaintiffs were damaged by Defendant Galios' actions.  ECF No. 19 at ¶¶ 67-

74.

As to Plaintiffs' claim for contributory copyright infringement, the Ninth

Circuit has recognized that "[o]ne who, with knowledge of the infringing activity,

induces, causes or materially contributes to the infringing conduct *of another* may

be liable as a 'contributory' [copyright] infringer." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (quotation marks and citation omitted) (emphasis and brackets in original).  The Ninth Circuit has "interpreted the knowledge requirement for contributory copyright infringement to include both those with *actual knowledge* and those who *have reason to know* of direct infringement." *Id.* (citation omitted).  Here, Plaintiffs allege that, by participating in the BitTorrent protocol, Defendant Galios caused or materially contributed to the direct infringement of Plaintiffs' copyrighted Works by others.  *See* ECF No. 19 at ¶¶ 75-78.   Plaintiffs also allege that Defendant Galios knew or should have known that other BitTorrent users were directly infringing on Plaintiffs' Works.  *See id.* at ¶ 79.  The Court finds that, although Plaintiffs' allegations are minimal, they are nevertheless sufficient to state a claim for contributory copyright infringement. *See Ellison*, 357 F.3d at 1076.  Accordingly, the merits of Plaintiffs' substantive claims weigh in favor of default judgment.

> C.     Sufficiency of the First Amended Complaint

As discussed above, the Court finds that the allegations in the First Amended Complaint are sufficiently pled.  Accordingly, the sufficiency of the First Amended Complaint weighs in favor of default judgment.

D.    Sum of Money at Stake

For the fourth *Eitel* factor, the Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176 (citing *Eitel*, 782 F.2d at 1472).  Under the Copyright Act, a plaintiff may elect to seek actual damages attributable to the infringement or stator damages of "not less than $750 or more than $30,000."  17 U.S.C. § 504(b), (c).  Plaintiffs' Motion seeks statutory damages in the total amount of $2,250.00, as well as taxable costs of $474.40.[3]  *See* ECF No. 34-1 at 9-10.  The damages Plaintiffs seek are directly related to Defendant Galios' specific wrongful conduct infringing Plaintiffs copyrighted Works.  The Court thus finds that this factor weighs in favor of default judgment.

E.    Possibility of Dispute Concerning Material Facts

The fifth factor, the possibility of dispute concerning material factors, weighs in favor of default judgment.  As noted above, the Court takes the well-pled allegations of the First Amended Complaint as true, except those relating to the amount of damages.  *TeleVideo Sys., Inc.*, 826 F.2d at 917-18.  Despite having a fair opportunity to defend against Plaintiffs' claims, Defendant Galios has not done so.  Although Plaintiffs personally served Defendant Galios with the First

---

[3]  Plaintiffs' request for $474.40 in taxable costs consists of:  (1) $274.40 in costs to serve Defendant Galios with the Complaint and First Amended Complaint; and (2) $200 in filing fees (half of the $400 filing fee).  *See* ECF No. 34-1 at 10.

Amended Complaint, Defendant Galios has failed to make an appearance in this action or otherwise respond to the Plaintiffs' claims.[4]  Because Defendant Galios has failed to raise any dispute regarding Plaintiffs' material factual allegations, this factor favors default judgment.

F.       Whether Default was Due to Excusable Neglect

Regarding the sixth factor, the Court finds that Defendant Galios' default was not the result of excusable neglect.  Defendant Galios failed to defend this action and the Clerk of Court entered default against him.  *See* ECF No. 33.  The record indicates that Defendant Galios' default was not the result of any excusable neglect, but rather due to Defendant Galios' conscious and willful decision not to defend against this action.  Consequently, this factor weighs in favor of default judgment.

G.       Policy Favoring Decisions on the Merits

Defendant Galios' default makes a decision on the merits impractical, if not impossible.  Under Federal Rule of Civil Procedure 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action."  *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere

---

[4]  The Court notes that Defendant Galios was also personally served with the original Complaint and failed to respond.  *See* ECF No. 15 (entering default against Defendant Galios as to the original Complaint).

existence of Fed. R. Civ. P. 55(b) indicates that the seventh *Eitel* factor is not alone dispositive."). Here, Defendant Galios has failed to defend against this action and has thus rendered adjudication on the merits before this Court impracticable. Although the policy favoring decisions on the merits generally weighs against default judgment, this factor alone does not preclude the Court from entering default judgment. Therefore, this factor does not preclude the Court from entering default judgment against Defendant Galios.

### H.     Totality of *Eitel* Factors

The Court finds that the totality of the *Eitel* factors weigh in favor of entering default judgment in favor of Plaintiffs and against Defendant Galios. Accordingly, the Court considers Plaintiffs' request for statutory damages and costs.

## IV.   Remedies

Although Defendant Galios' default establishes his liability to Plaintiffs, it does not establish the amount of damages or other relief to which Plaintiffs are entitled. *See TeleVideo Sys., Inc.*, 826 F.2d at 917-18. Plaintiffs must provide evidence to support their requested relief and the relief "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54 (c). Here, Plaintiffs seek: (1) statutory damages of $2,250.00, with each Plaintiff to receive the $750.00 statutory minimum for each of the infringed Works; and

(2) $474.40 for costs.  ECF No. 34-1 at 10.  The Court addresses these requests in turn.

        A.       Statutory Damages

Under the Copyright Act, a plaintiff may elect to seek actual damages attributable to the infringement or statutory damages of "not less than $750 or more than $30,000."  17 U.S.C. § 504(b), (c).  Where the infringement was "willful," however, the court may award up to $150,000 in statutory damages.  *Id.* § 504(c)(2).  District courts have "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima."  *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1355 (9th Cir. 1984) (citation omitted).

Statutory damages "serve both compensatory and punitive purposes" so as "to sanction and vindicate the statutory policy of discouraging infringement."  *Los Angeles News Serv. v. Reuters Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) (quotation marks and citation omitted).  This Court is thus guided by "what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like."  *Id.* (quotation marks and citation omitted).

District courts within the Ninth Circuit, including this district court, tend to limit awards of statutory damages to the statutory minimum of $750.00 in similar cases involving BitTorrent movie downloading and sharing.  *See, e.g., ME2*

*Prods., Inc. v. Pumaras*, CIVIL NO. 17-00078 SOM/RLP, 2017 WL 4707015 at

*3-4 (D. Haw. Oct. 19, 2017) (concluding that the minimum statutory amount of

$750.00 would sufficiently deter future downloading and adequately compensate

the plaintiff); *Cook Prods., LLC v. Szerlip*, CIVIL No. 16-00637 HG-KSC, 2017

WL 4883220, at *3 (D. Haw. Oct. 30, 2017) (same); *Criminal Prods., Inc. v.*

*Gunderman*, Case No. C16-279-RAJ, et al., 2017 WL 3297518, at *4 (W.D. Wash.

Aug. 1, 2017) (awarding the $750.00 minimum in statutory damages in a similar

BitTorrent file sharing case).

Plaintiffs request an award for the statutory minimum for damages. The

Court finds that awarding the statutory minimum for each Work is appropriate to

deter and punish Defendant Galios' conduct and to compensate Plaintiffs.

Therefore, the Court recommends that the district court award each Plaintiff

$750.00 in statutory damages.

B.     Costs

Pursuant to 17 U.S.C. § 505, a prevailing party may recover its "full costs."

In light of the Court's finding and recommendation that the district court grant

default judgment in favor of Plaintiffs, the Court also finds and recommends that

the district court award costs to Plaintiffs as prevailing parties. Plaintiffs seek an

award of $474.40 for costs. *See* ECF No. 34 at 10. This amount consists of (1)

$274.40 for costs Plaintiffs incurred to serve the original Complaint and First

Amended Complaint on Defendant Galios, and (2) $200 in filing fees paid to the court (half of the $400 filing fee).  *See* ECF No. 34-3.

The Court finds that Plaintiffs' request for costs is reasonable.  Accordingly, the Court recommends that the district court award Plaintiffs $474.40 for costs incurred in this action.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court GRANT Plaintiffs' Motion for Default Judgment Against Defendant Gerard Galios (ECF No. 34) as follows:  (1) Award Plaintiffs $750.00 each for statutory damages, for a total of $2,250.00; and (2) Award Plaintiffs a total of $474.40 for costs.

IT IS SO FOUND AND RECOMMENDED

DATED:  Honolulu, Hawaii, December 19, 2019.



Kenneth J. Mansfield
United States Magistrate Judge

*Hunter Killer Prods., Inc. v. Galios*, Civil No. 19-00327 JAO-KJM; Findings and Recommendation to Grant Plaintiffs' Motion for Default Judgment Against Defendant Gerard Galios